USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-6-14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARVIN SOBERANIS,

        Petitioner,

- against -

SUPERINTENDENT WILLIAM BROWN, et al.,

        Respondents.

REPORT AND
RECOMMENDATION

10 Civ. 2695 (RA) (RLE)

To the HONORABLE RONNIE ABRAMS, U.S.D.J.:

## I. INTRODUCTION

Petitioner Marvin Soberanis ("Soberanis"), a New York state prisoner at the Eastern Correctional Facility in Napanoch, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following a jury trial, Soberanis was convicted in New York State Supreme Court, Kings County, of one count of criminal possession of a weapon in the second degree and one count of criminal possession of a weapon in the third degree. N.Y. Penal Law § 265.03(2); N.Y. Penal Law § 265.02(4).[1] He was sentenced to a determinate term of twelve years' imprisonment plus five years of post-release supervision for the second-degree weapon possession count and seven years' imprisonment plus three years of post-release supervision for the third-degree possession count. (Soberanis's Pet. ("Pet.") at ¶ 3.)

Soberanis contends that his incarceration arising from the second-degree possession count violates the United States Constitution because: (1) there was legally insufficient evidence to support the conviction under the due process standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979); and (2) under the standards set forth in *Strickland v. Washington*, 466 U.S. 668

---

[1] Penal Law § 265.02(4), the violation of which is a Class D felony, was repealed by L. 2006, c. 742, § 1, eff. Nov. 1, 2006, and reenacted in the same legislation as Penal Law § 265.03, a Class C felony.

(1984), he received ineffective assistance of counsel during his trial (Pet'r's Mem. of Law in Supp. of Pet. ("Pet'r's Mem.") at 5). Petitioner's ineffective assistance of counsel claim is rooted in his insufficiency of evidence claim; Soberanis alleges that his counsel was ineffective because he failed to make a motion to dismiss based on the sufficiency of the evidence.

For the reasons set forth below, I recommend that the petition be **DENIED**.

## II. BACKGROUND

### A. Factual Background

At approximately 1:30 a.m. on January 1, 2006, a shooting took place in a nameless Manhattan social club located at 114 West 124th Street. (Trial Tr. ("Tr.") at 296-301.) There were about fifteen to twenty people inside the social club, including Soberanis, Kevin Parks, and Albert Thurton. (*Id.* at 293-97, 392.) Michael Parks (no relation to Kevin Parks) had arrived at the club around 1:00 a.m. (*Id.* at 295-96.) He testified that he saw Soberanis and Kevin Parks in a back room of the club, which he said was a "very small confined area." (*Id.* at 329.)

Shortly after Michael Parks arrived, Roland Gibson (also referred to as "Eric Card" and "Ro Dog") entered the club and greeted some women. Gibson approached Kevin Parks in the back room "with his gun in his [right] hand" and punched him with his left hand. (*Id.* at 293, 298-300, 305, 309, 327-28.) Michael Parks then heard a "crick, crick" noise coming from Sobreanis's direction, which indicated to him that a bullet was being placed into the chamber of a gun. (*Id.* at 299-301.) Gibson shifted his attention from Kevin Parks to Soberanis. (Tr. at 301.) Kevin Parks grabbed Gibson and the two struggled over Gibson's gun. (*Id.* at 300-02, 307, 332-33.) Several shots went off.[2] (*Id.* at 301, 334, 384.) Gibson and Kevin Parks were still

---

[2] Michael Parks testified that he heard more than five shots fired before he saw Soberanis shoot Gibson, but did not see who fired the first or subsequent shots while Kevin Parks and Gibson struggled over Gibson's gun. (Tr. at 301.)

2

struggling on the ground when Soberanis approached them, and shot Gibson when he was three to four feet away. (*Id.* at 301-07.) Soberanis was charged with criminal possession of a weapon in the second degree, N.Y. Penal Law § 265.03(2), and criminal possession of a weapon in the third degree, N.Y. Penal Law § 265.02(4). (Mem. of Law in Opp'n to Pet. for a Writ of Habeas Corpus ("Resp't's Opp'n") at 2.)

At trial, the Government presented testimony by Albert Thurton and Tamar Samuda that Soberanis possessed a gun after the struggle between Gibson and Kevin Parks. Samuda, an acquaintance of Soberanis, testified that she "met up" with him later that night, and that Soberanis told her a man "started shooting at him," and he "shot back." (Tr. at 258-60.) The Government alleged that Soberanis brought the gun into the club with him. (Pet'r's Mem. at 4.) Defense counsel presented no evidence at trial and did not move to dismiss the second-degree weapon possession charge. (Resp't's Opp'n at 7; Pet'r's Mem. at 4.) The jury, which was instructed on the use of direct and circumstantial evidence (Tr. at 701-05), found Soberanis guilty of criminal possession of a weapon in the second and third degrees. (Pet'r's Mem. at 1; Tr. at 724-27.) On November 17, 2006, he was sentenced. (Resp't's Opp'n at 8.)

**B. Procedural Background**

Soberanis appealed to the Appellate Division, First Department, and his conviction was unanimously affirmed on June 26, 2008. *People v. Soberanis*, 52 A.D.3d 416, 416 (1st Dep't 2008). On appeal, Soberanis asserted that: (1) his convictions were against the weight of evidence; (2) his trial counsel erred in failing to seek dismissal of the second-degree weapon possession charge; (3) the court did not properly deliver a circumstantial evidence charge; and (4) his sentence was excessive. *Id.* at 416. In affirming Soberanis's convictions, the Appellate

3

Division found the sufficiency of evidence claim was unpreserved and that it would not review it in the interest of justice. *Id.* Alternatively, the court found that "the verdict was based on legally sufficient evidence [and] was not against the weight of the evidence." *Id.* The court specifically found that the evidence "supported the conclusion that the weapon used was already in [Soberanis's] possession prior to his justified use of it." *Id.* The Appellate Division additionally rejected the ineffective assistance of counsel claim, found the jury charge claim unpreserved, and found that there was no basis for reducing the sentence. *Id.*

Soberanis applied to the New York Court of Appeals for leave to appeal, asserting that the evidence against him was insufficient and that his counsel had been ineffective in failing to raise this issue. (Pet'r's Mem. at 14.) The Court of Appeals denied the application without issuing an opinion on August 29, 2008. *People v. Soberanis,* 11 N.Y. 3d 741 (2008).

In a *pro se* motion dated September 30, 2008, Soberanis moved to vacate the judgment pursuant to N.Y.C.P.L. § 440.10(1)(h), raising insufficiency of evidence and ineffectiveness of trial counsel as grounds for relief. (Pet'r's Mem. at 15 n.2.) The prosecution opposed Soberanis's motion to vacate. (Resp't's Opp'n at 10.) Soberanis, now represented by an attorney from the Legal Aid Society, filed a reply affirmation and memorandum of law. His counsel affirmed that she had spoken with Soberanis's trial counsel, who:

> [S]tated that he remembered very little about the trial, other than it involved a New Year's Eve shooting. When asked whether he considered making a motion at the end of the prosecution case to dismiss because the prosecution had not established that defendant possessed the gun prior to the shooting, he stated that he had no recollection whatsoever of whether he considered making such a motion. When asked whether he had any strategic reason not to do so, he said again that he did not recall.

4

(Decl. Supp. Opp'n to the Pet. for a Writ of Habeas Corpus ("Decl. Supp. Opp'n"), Ex. H at 2.) Soberanis's appellate counsel argued that "the issues raised in the 440 motion are not identical to those raised on appeal because of the enhanced record based on counsel's conversation with" trial counsel. (*Id.* at 4.) The motion was denied on February 11, 2009, with the court holding that the ineffective assistance of counsel claim was barred under N.Y.C.P.L. § 440.10(2)(a) because the issues had been decided on the merits in the direct appeal. (Resp't's Opp'n at 10.) In the alternative, the court held that the ineffective assistance of counsel claim was without merit because "an attorney cannot be deemed ineffective for failing to make a losing motion or argument." (Decl. Supp. Opp'n, Ex. I at 3.) Soberanis sought leave to appeal the decision, but the Appellate Division denied the motion without opinion on April 2, 2009. (*Id.*)

On March 26, 2010, Soberanis's counsel filed a petition for a writ of habeas corpus, asserting that: (1) "[t]he evidence at trial was insufficient to establish under second-degree weapon possession, that [Soberanis] intended to use a weapon unlawfully because there was no evidence that [Soberanis] possessed the gun in the time preceding the shooting"; and (2) trial counsel was ineffective for failing to "present the defense to second-degree weapon possession that the evidence was insufficient to establish that [Soberanis] intended to use a weapon unlawfully because there was no evidence that [Soberanis] possessed the gun in the time preceding the shooting." (Pet'r's Mem. ¶ 12.)

## III. DISCUSSION

### A. Threshold Issues

#### 1. Timeliness

A petitioner must file an application for a writ of habeas corpus within one year of his conviction becoming final. *See* 28 U.S.C. § 2244(d)(1). A conviction becomes final "'when [the] time to seek direct review in the United States Supreme Court by a writ of certiorari expire[s],'" that is, ninety days after the final determination by the state court. *Williams v. Artuz*, 237 F.3d 147, 150 (2d Cir. 2001) (quoting *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998)). The statute of limitations is tolled from the time post-conviction motions are filed until leave to appeal is denied. 28 U.S.C. § 2244(d)(2); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Tolling begins when the post-conviction motion is filed, and ends when leave to appeal is denied. *See Rodriguez v. Portuondo*, 2003 WL 22966293, at *1-2 (S.D.N.Y. Dec. 15, 2003); *see also Carey v. Saffold*, 536 U.S. 214, 220-21 (2002); *Bennett v. Artuz*, 199 F.3d 116, 119 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000).

The Court of Appeals denied leave to appeal the Appellate Division's decision on direct appeal on August 29, 2008. Absent tolling, the conviction would have become final on November 27, 2008. Here, however, the limitations period was tolled from the time Soberanis filed his § 440 motion on September 30, 2008, until the Appellate Division denied leave on April 2, 2009. Soberanis filed his habeas petition on March 26, 2010, within one year of the extended period. It is therefore timely.

#### 2. Exhaustion

Pursuant to 28 U.S.C. § 2254(b), as amended by the Antiterrorism and Effective Death

6

Penalty Act ("AEDPA"), a court may not grant a petition for habeas corpus unless the petitioner has exhausted all state judicial remedies. 28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997). To satisfy substantive exhaustion, which is not an exacting standard, a petitioner's claim before the state courts must have been federal or constitutional in nature. A petitioner must have "fairly presented" his claim to state courts by apprising them of "'both the factual and the legal premises of the claim [he] asserts in federal court.'" *Jones v. Vacco*, 126 F.3d 408, 413 (2d Cir. 1997) (quoting *Daye v. Att'y Gen. of State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*)). Procedurally, the petitioner must utilize all avenues of appellate review within the state court system before proceeding to federal court. *See Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994). The petitioner must raise each federal claim at each level of the state court system, "present[ing] the substance of his federal claims 'to the highest court of the pertinent state.'" *Id.* (quoting *Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990)).

A petitioner is deemed to have exhausted state judicial remedies when the issue has been fairly presented in the state courts or the petitioner has otherwise given the state courts a fair opportunity to redress the federal claim. *Duncan v. Henry*, 513 U.S. 364, 366-67 (1995) (citing *Picard*, 404 U.S. at 270). Generally, the petitioner must have referred to the relevant federal constitutional provisions in the briefs submitted to state courts. *See Baldwin v. Reese*, 541 U.S. 27, 31 (2004) (finding inadequate exhaustion where the state court would have to look at the record beyond the petition or brief to be aware of the federal claim).

Soberanis raises two claims in his Petition: (1) that evidence of criminal possession in the second degree was legally insufficient because the Government established neither his

possession of the weapon prior to its use, nor his intent to use that weapon unlawfully; and (2) that his counsel was ineffective in failing to present these defenses.

Soberanis pursued both claims through all avenues of appellate and collateral review. He raised the sufficiency of the evidence claim on federal constitutional grounds to the Appellate Division and the Court of Appeals on direct appeal. *See Soberanis*, 11 N.Y.3d 741; *Soberanis*, 52 A.D.3d at 416. The Appellate Division found that "the verdict was based on legally sufficient evidence [and] was not against the weight of the evidence." *Soberanis*, 52 A.D.3d at 416. Soberanis raised the sufficiency of the evidence claim again to the New York State Supreme Court through a § 440 motion. In his motion, Soberanis stated: "the People fail to proffer any evidence at trial to show that the defendant had intentions on using a weapon." (Decl. Supp. Opp'n, Ex. F at 11). The claim was rejected. (*See* Decl. Supp. Opp'n, Ex. I.)

Soberanis raised the ineffective assistance of counsel claim on federal constitutional grounds in his application and brief to the Appellate Division. (Decl. Supp. Opp'n, Exs. A, D, F, H, and J.) The Appellate Division rejected the claim. *Soberanis*, 52 A.D.3d at 416. Soberanis also raised the claim in his § 440 motion, where he asserted that his trial counsel's failure to move to dismiss "denied defendant of his state and federal constitutional rights under the Sixth Amendment, and N.Y.S. Article one § Six." (Decl. Supp. Opp'n, Exs. F, H.) The trial court rejected the claim, finding that N.Y.C.P.L. § 440.10(2)(a) "bar[s] [its] consideration of this motion as the issues raised were decided on the merits on the defendant's direct appeals." In her opinion, Justice Arlene Goldberg continued: "Even assuming that, as counsel argues, her phone conversation with defendant's attorney, permits me to consider her ineffective assistance claim, I find it to be without merit." New York courts have been presented with a meaningful

8

opportunity to address Soberanis's claims.

Both of Soberanis's claims have been exhausted.

### 3. Procedural Bar

"[D]ismissal of a habeas claim on the ground that it was procedurally defaulted 'differs crucially' from a dismissal for failure to exhaust state remedies." *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001) (citing *Turner v. Artuz*, 262 F.3d 118, 122 (2d Cir. 2001). Unlike an exhaustion dismissal, dismissal for a procedural default is considered a disposition of the habeas claim on the merits. *Aparicio*, 269 F.3d at 90. Under the procedural default doctrine, a federal habeas court may not review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule, "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

A state law ground is "adequate" if "the state's insistence on compliance with its procedural rule serves a legitimate state interest." *Wainwright v. Sykes*, 433 U.S. 72, 83, n.8 (1977) (quoting *Henry v. Mississippi*, 379 U.S. 443, 447 (1965)). Further, the adequacy of a procedural rule rests on whether such rule is firmly established and regularly followed in the specific circumstances presented in the case. *Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir.2003). The "fundamental miscarriage of justice" standard is regarded as a showing of the petitioner's actual innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995).

If a state court holding contains a plain statement that a claim is procedurally barred, then the federal habeas court may not review it, even if the state court also rejected the claim on the

9

merits in the alternative. *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) ("a state court need not fear reaching the merits of a federal claim in an *alternative* holding" so long as it explicitly invokes a state procedural rule as a separate basis for its decision). When a state court "says that a claim is 'not preserved for appellate review' and then ruled 'in any event' on the merits, such a claim is not preserved." *Glenn v. Bartlett*, 98 F.3d 721, 724-25 (2d Cir. 1996).

Under New York's contemporaneous objection rule, for an issue to be considered on appeal, it must have been challenged by a contemporaneous objection at the trial level. N.Y.C.P.L. § 470.05(2). The United States Supreme Court has ruled that a "contemporaneous objection" rule presents an independent and adequate state ground, barring direct review of claims in federal habeas petitions. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977) (citing *Henry v. Mississippi*, 379 U.S. 443 (1965)). Therefore, if a party fails to raise a claim in the trial court, or neglects to specify the grounds for an objection, state appellate courts generally will not consider that claim.

Applying these standards, the Court finds that Soberanis's claim of legal insufficiency of the evidence is procedurally barred. The Appellate Division declined to review the claim on appeal, holding: "Defendant's legal sufficiency argument is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also find that the verdict was based on legally sufficient evidence." *Soberanis*, 52 A.D. 3d at 416. Soberanis has not set forth any cause or prejudice for this failure, and has not claimed actual innocence such that the fundamental miscarriage of justice standard might be triggered. Therefore, Soberanis's legal insufficiency of evidence claim is procedurally barred from habeas review.

Soberanis's second claim, that he received ineffective assistance of legal counsel, is procedurally barred for the same reasons. The Appellate Division reviewed this claim on the merits, and rejected it. *Soberanis*, 52 A.D.3d at 416. The trial court found Soberanis's § 440.10 motion procedurally barred under subsection (2)(a) because "the issues raised were decided on the merits in [Soberanis's] direct appeal." (Decl. Supp. Opp'n, Ex. I at 3; Resp't's Opp'n at 10.) Soberanis did not show cause for his failure to preserve the issue at trial, nor did he demonstrate prejudice, or make a showing of actual innocence. Therefore, Soberanis's claim that he received ineffective assistance of legal counsel is procedurally barred.

### B. Standard of Review

AEDPA constrains a federal court's ability to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. AEDPA limits issuance of the writ to circumstances in which the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is contrary to federal law if the state court applies "a conclusion opposite to that reached by [the Supreme] Court on a question of law or if [it] decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. Furthermore, in cases where the state court decision rests on a factual determination, the federal court must find that the "decision . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

### 1. Legally Insufficient Evidence

Even if Soberanis's legal insufficiency claim were considered on the merits, it would fail. The due process guaranteed by the Fourteenth Amendment provides that no person shall be convicted of a crime except upon sufficient proof. *Jackson*, 443 U.S. at 316. A petitioner is entitled to habeas corpus relief for the legal insufficiency of evidence when, after construing the evidence in the light most favorable to the prosecution, "no rational trier [of fact] could have found the essential elements of the crime proven beyond a reasonable doubt." *Glover v. Portuondo*, No. 96 Civ. 7616 (JGK), 1999 WL 349936, at *7 (S.D.N.Y. May 28, 1999) (citing *Jackson*, 443 U.S. at 317). In considering the sufficiency of the evidence of a state court conviction, the court must look to "state law to determine the elements of the crime." *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 811 (2d Cir. 2000) (quoting *Quartararo v. Hanslmaier*, 186 F.3d 91, 97 (2d Cir. 1999). "[A] petitioner bears a very heavy burden in convincing a federal habeas court to grant a petition on the grounds of insufficiency of the evidence." *Policano v. Herbert*, 507 F.3d 111, 116 (quoting *Fama*, 235 F.3d at 811). Under AEDPA, all state court factual determinations must be presumed correct unless the petitioner is able to rebut them with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### a. The Evidence Presented Against Soberanis Was Legally Sufficient

A conviction is supported by sufficient evidence if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original). In this case, viewing the evidence in the light most favorable to the Government, a rational trier of fact could have reasonably found that all the essential elements of the crime were

proven beyond a reasonable doubt. The Appellate Division found that "[a]lthough it [is] undisputed that [Soberanis] was justified in using a firearm against an armed assailant, the evidence support[ed] the conclusion that the weapon [Soberanis] used was already in his possession prior to his justified use of it, and [Soberanis's] argument to the contrary [is] speculative." *Soberanis*, 52 A.D.3d at 416. Further, "[o]nce the unlawful possession of the weapon is established, the possessory crime is complete and any unlawful use of the weapon is punishable as a separate crime." *People v. Almodovar*, 62 N.Y.2d 126, 129-30 (1984). The New York Court of Appeals has addressed cases that involve justified shootings: "[j]ustification based on self-defense pertains only to the use of physical force. It does not apply to a crime based on the possession of a weapon, even though an element of the crime is that defendant possessed the weapon with the intent to use it unlawfully against another." *People v. Pons*, 68 N.Y.2d 264, 267 (1968) (citations omitted). "It does not follow that because defendant was justified in the actual shooting of the weapon under the particular circumstances existing at that moment, he lacked the intent to use the weapon unlawfully during the continuum of time that he possessed it prior to the shooting." *Id.* at 267-68. The jury received instructions on the use of direct and circumstantial evidence to help it determine how to assess Soberanis's possession of the gun prior to the justified shooting. (Tr. at 701-05.)

AEDPA requires deference to jury assessment of the strength of the evidence presented at trial, as well as the credibility of witnesses. *Shabazz v. Artuz*, 336 F.3d 154, 161 (2d Cir. 2003). A habeas court may not substitute its view of the evidence for that of the jury. *Jackson*, 443 U.S. at 319. The jury convicted Soberanis based on the totality of the evidence presented. The evidence showed that Soberanis shot Gibson with a .25 caliber pistol. (Tr. at 260, 307, 519,

590-91.) The two .25 caliber bullets recovered from the decedent's body matched a shell casing from the gun found in Soberanis's apartment. (Tr. at 573-75, 579-83.) Michael Parks testified to the fast paced nature of the shooting. (Tr. at 299-301, 328-29, 331.) Samuda testified she was with Soberanis two hours after the altercation (Tr. at 258.), and that Soberanis told her that a man "started shooting at him" at the club, and that he "shot back." (Tr. at 259-60, 274.) Given this evidence, it was not unreasonable to find that Soberanis unlawfully intended to use the gun prior to the justified shooting.

Additionally, under AEDPA, state court factual determinations must be presumed correct unless the petitioner is able to rebut them with clear and convincing evidence. 25 U.S.C. § 2254 (e)(1). Soberanis's counsel hypothesizes alternate theories of how Soberanis obtained the gun, such as someone handed it to him or he saw the gun at the club after he arrived. (Decl. Supp. Opp'n, Ex. A at 15.) The jury was properly and adequately instructed on the use of both circumstantial and direct evidence. (*See* Tr. 701-05.) There is no reason to depart from the jury's findings. The jury was free to accept any reasonable theory and chose to find that Soberanis possessed the gun prior to the shooting. Soberanis did not offer clear and convincing evidence to rebut the jury's conclusion. The legal insufficiency claim should be **DENIED**.

### 2. Soberanis's Ineffective Assistance of Counsel Claim

Even if Soberanis's ineffective assistance of counsel claim were considered on the merits, it would fail. The Sixth Amendment has been interpreted to require the right to effective assistance of counsel in criminal trials. This right protects a defendant's Sixth Amendment right to a fair trial and Fourteenth Amendment right to due process. *Strickland*, 466 U.S. at 684-85. The Court must determine "whether counsel's conduct so undermined the proper functioning of

14

the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. A convicted defendant's ineffective assistance of counsel claim has two prongs. *Id.* at 687. First, the defendant must show that defense counsel's performance was deficient. *Id.* Counsel's errors must be "so serious that counsel was not functioning as a reasonably competent attorney." *Id.* A court reviewing an ineffective assistance claim must be "highly deferential" and "strongly" presume that the attorney's conduct and judgment were objectively reasonable. *Id.* at 689-90. A defense attorney's failure to make a meritless argument does not amount to ineffective assistance. *United States v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999). In reviewing attorney performance, the circumstances must be viewed from the counsel's perspective at the time of the decision. *Strickland*, 466 U.S. at 689.

If the petitioner demonstrates that counsel's performance was deficient, he must then show that the deficient performance prejudiced the defense. *Id.* Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. Even an error that is "professionally unreasonable" is insufficient if the error did not have an adverse effect on the trial's outcome. *Id.* at 691. The defendant has the burden of affirmatively proving prejudice, and must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 693-694.

Soberanis asserts that his trial counsel was ineffective because counsel did not move to dismiss the second-degree weapon count on the ground that there was no evidence Soberanis possessed the gun before the shooting. The Appellate Division addressed this argument and found it without merit: "[T]he evidence supports the conclusion that the weapon defendant used was already in his possession prior to his justified use of it, and defendant's argument to the

15

contrary is speculative." *Soberanis*, 52 A.D.3d at 416. Far from being a compelling motion, the action urged by Petitioner could only have served to delay the trial or confuse issues. *Arena*, 180 F.3d at 396. Because the failure to make a meritless motion does not amount to ineffective assistance of counsel, *id.*, Soberanis has not demonstrated that his attorney's performance was deficient. His claim of ineffective assistance of counsel fails to meet the *Strickland* test, and should be **DENIED**.

## IV. CONCLUSION

For the foregoing reasons I recommend that Soberanis's Petition be **DENIED**. Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Ronnie Abrams, 40 Foley Square, Room 2203, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: January 6, 2014**
**New York, New York**

Respectfully Submitted,

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**