USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 30 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARVIN SOBERANIS,

      Petitioner,

-against-

SUPERINTENDENT WILLIAM BROWN, et al.,

      Respondent.

No. 10-cv-2695-RA-RLE

ORDER ADOPTING
REPORT &
RECOMMENDATION

---

RONNIE ABRAMS, United States District Judge:

 Petitioner Marvin Soberanis, who is incarcerated at Eastern Correctional Facility in Napanoch, New York, brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for weapons possession. Following a jury trial, Petitioner was convicted on November 17, 2006 in New York State Supreme Court, Kings County, of one count of criminal possession of a weapon in the second degree and one count of criminal possession of a weapon in the third degree. N.Y. Penal Law §§ 265.03(2), 265.02(4). He received a concurrent sentence of 12 years' imprisonment plus five years of post-release supervision for the second-degree weapon possession count and seven years' imprisonment plus three years of post-release supervision for the third-degree possession count.

 Petitioner contends his conviction for second-degree weapons possession violates the United States Constitution in two respects. First, he asserts there was legally insufficient proof to support his conviction under the due process standard articulated in Jackson v. Virginia, 443 U.S. 307 (1979). Second, he asserts that he was denied the effective assistance of counsel as required by Strickland v. Washington, 466 U.S. 668 (1984).

1

On January 6, 2014, Judge Ellis issued his report and recommendation (the "Report") rejecting each of these arguments and recommending that the petition be denied. In his detailed Report, Judge Ellis found the claims in the petition to be procedurally barred (Report at 9–11), but nonetheless went on to consider the two claims on their merits. In so doing, he concluded that both arguments failed under the standard set forth in the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214. (Id. at 11–16.) That threshold, the Supreme Court recently reiterated, is "difficult to meet." White v. Woodall, 134 S. Ct. 1697, 1702 (2014).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "Within fourteen days after being served with a copy [of the report], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Id.; see also Fed. R. Civ. P. 72(b). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Here, although the Report provided that "[t]he parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections" (Report at 16), neither party has done so. Indeed, the time for filing objections has lapsed long ago. Careful review of the Report reveals that there is no facial error in its ultimate conclusion.[1] Judge Ellis's Report is therefore adopted and the petition is DENIED.

---

[1] The Report concluded that Petitioner's ineffective assistance of counsel claim is procedurally barred by virtue of N.Y. Crim. P. Law § 440.10(2)(a). (See Report at 11.) Judges in this district appear divided as to that proposition. Compare Alexander v. Connell, 05-cv-9020-WHP-HBP, 2010 WL 2165273, at *9 n. 6 (S.D.N.Y. Apr. 9, 2010) ("A dismissal under § 440.10(2)(a) is not based on any procedural default.") (quotation marks and citations omitted) and Douglas v. Hollins, 00-cv-7928-MBM, 2004 WL 187130 at *6 n. 5 (S.D.N.Y. Jan. 29, 2004) ("[A state court ruling under §440.10(2)(a)] does not constitute a finding of procedural default that precludes federal habeas review of the merits") with Gillespie v. Miller, 04-cv-0295-LAP-AJP, 2004 WL 1689735, at *14 (S.D.N.Y. July 29, 2004) ("C.P.L. § 440.10(2) is an 'adequate and independent' state procedural ground barring federal habeas review.")

The parties' failure to file written objections precludes appellate review of this decision. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*). The Court therefore declines to issue a certificate of appealability, and certifies that any appeal from this order would not be taken in good faith. *In forma pauperis* status is thus denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 445 (1962).

The Clerk of Court is respectfully requested close this case.

SO ORDERED.

Dated:      September 30, 2014
            New York, New York

                                              Ronnie Abrams
                                              United States District Judge

---

and Jones v. Miller, 03-cv-6993-SHS-GWG, 2004 WL 1416589 (S.D.N.Y. June 25, 2004) ("[F]ederal habeas courts have recognized that a New York State court's reliance on CPL § 440.10(2)(a) constitutes an 'adequate' state ground precluding federal habeas review."). One judge has also suggested that whether § 440.10(2)(a) acts as a procedural bar may depend on the particular circumstances in which a state court invoked it. See Heron v. Coughlin, 94-cv-1860-GBD-HBP, 2003 WL 21921267 (S.D.N.Y. Aug. 11, 2003). It would appear, however, that the Second Circuit has already settled the matter. See Silverstein v. Henderson, 706 F.2d 361, 368 (2d Cir. 1983) ("[Where] the state court denied [petitioner's] motion to vacate his conviction under N.Y. Crim. Proc. Law § 440.10(2)(a) ... this ruling does not constitute a finding of procedural default that would bar federal consideration of [petitioner's] claims.") (citing Maxwell v. Sumner, 673 F.2d 1031, 1034 (9th Cir.), cert. denied, 459 U.S. 976 (1982)). In any event, the Court agrees with the Report's conclusion that Petitioner's ineffective assistance of counsel claim must be denied on the merits.

3